T. Jason Wood, ISB No. 5016
WOOD LAW GROUP, PC
Jefferson Place, 5th Floor
350 N. 9th Street, Suite 500
Boise, ID  83702
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: jason@woodlaw.net
*Attorney for Plaintiff*

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT E. WILKINS, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MERIDIAN, ANDREW HERSCOWITZ, KENNETH CAYGLE-KOHRING, ROBERT YOUNG, LANE AHL, MARC RIGGS, CHRIS MCGILVERY, and JOHN DOES I–X,<br><br>    Defendants. | Case No. 1:26-cv-171<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

ROBERT E. WILKINS, JR., for cause of action against the above-named defendants, alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an action for money damages and declaratory relief arising under 42 U.S.C. §§ 1983, 1985, 1986, the Idaho Tort Claims Act (ITCA), and Idaho common law.

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. 1343(a)(3), 1343(a)(4) and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b).

4. Plaintiff timely filed a Notice of Tort Claim with the City of Meridian pursuant to Idaho Code § 6-905.

**PARTIES**

5. Plaintiff is currently a resident of the Arizona and an African American, and at all times material hereto was the owner/operator of a commercial truck which he used in his trucking business.

6. Defendant City of Meridian is a political subdivision of the State of Idaho, acting pursuant to established city policies, procedures, customs, and practices.

7. Defendants Andrew Herscowitz, Kenneth Caygle-Kohring, Robert Young, and Lane Ahl, Marc Riggs (collectively "Officers") were, at all times material hereto, employed as law enforcement officers by the City of Meridian, acting in their respective individual capacities within the course and scope of employment.

8. Defendant Chris McGilvery was, at all times material hereto, employed as a law enforcement officer with the rank of Sergeant by the City of Meridian, acting in his individual capacity within the course and scope of employment, as the supervisor of the Officers and the officer in charge at the scene.

9. John Does I–X were, at all times material hereto, employed as law enforcement officers by the City of Meridian, acting in their respective individual capacities within the course and

scope of employment, whose names are unknown to Plaintiff.  Plaintiff reserves the right to amend this complaint to substitute their true names once their identities are discovered.

## FACTS

10.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

11.     On the morning of September 14, 2022, after eating breakfast at Joe Mamma's Breakfast Eatery, Meridian, Idaho, Plaintiff walked back to his truck, which was legally parked in the restaurant parking lot, and sat in the drivers seat to review his log book.

12.     At approximately 9:10 AM, a John Crigler called Meridian Police to report that he though plaintiff looked suspicious sitting in his truck.

13.     Approximately 15 minutes later, the Officers responded and arrived on scene. Defendant Herscowitz made contact with Plaintiff and soon confirmed there was no evidence whatsoever of a crime.

14.     Herscowitz nevertheless demanded that Plaintiff produce identification.

15.     Each of the Officers surrounded Plaintiffs' truck and prevented him from leaving.

16.     Plaintiff expressly objected to being forced to produce identification without evidence of a crime but eventually complied and surrendered his driver's license under compulsion.

17.     Defendant Herscowitz took Plaintiff's driver's license and walked away for an extended period of time, preventing Plaintiff from leaving.

18.     The Officers have conceded they were not in possession of evidence or facts supporting a reasonable suspicion that Plaintiff had committed or was committing a crime, only that he was a black man from Chicago, in violation of Plaintiff's Fourth Amendment rights.

19.     While in possession of Wilkins' driver's license, defendant Herscowitz radioed dispatch, provided Wilkins' personal identifying information, and requested an NCIC warrant check against the information he provided from Plaintiffs' driver's license.

20.     After running the check, dispatch advised defendant Herscowitz there was an unconfirmed extraditable warrant for Wilkins out of Arizona.

21.     The relative validity of the Arizona warrant was indeterminable from the information available from the NCIC warrant check without running a complete criminal background check.

22.     Between 9:15 AM and 9:42 AM, John Does I – X arrived on scene at Joe Mamma's Breakfast Eatery to provide assistance and backup.

23.     Defendant Young, a Meridian police officer with special training as a K9 drug unit, arrived on scene at approximately 9:42 AM.

24.     In the meantime, the other Officers falsely arrested Plaintiff at approximately 9:52 AM on the unconfirmed warrant.

25.     Defendant Herscowitz then determined that Plaintiff's truck should be impounded and inventory-searched.

26.     The Officers joined in securing Plaintiff in the back seat of a patrol car for a substantial period of time, while defendant Riggs initiated the inventory search of Plaintiff's truck.

27.     Soon defendant Herscowitz told Riggs to stop the inventory search and allow defendant Young to have the drug-dog sniff Plaintiff's truck in an effort to convert what he knew to be an illegal search into what he believed would be a legal search.  Riggs agreed and stopped the drug-dog search.

28.     After the drug dog alerted (falsely) on Plaintiff's truck, defendant Caygle-Kohring took over the scene, directed the other defendants to impound and move Plaintiff's truck to facilitate a search, and performed an inventory search on the truck.

29.     In the course of his search Caygle-Kohring discovered a firearm inside of a backpack, which was located in the cab of the truck, and booked it into evidence.

30.     The firearm was not owned by Plaintiff, and the Arizona warrant was invalid and/or inactive, which the defendants soon learned.

31.     Although they had ample opportunity, at no time in the course of the investigation did the Officers seek or obtain a warrant or probable cause of a crime.

32.     The decisions and actions of Herscowitz, Caygle-Kohring, and Riggs to impound and conduct an inventory search of Plaintiff's truck constituted an unreasonable search and/or seizure, pursuant to clearly established law, in violation of Plaintiffs' 4th Amendment rights, as it did not serve a legitimate caretaking function and was a pretext for an unlawful evidentiary search.

33.     The trial court in the criminal proceedings correctly ruled that Young's false drug-dog search of Plaintiffs' truck was plainly unconstitutional and could not sustain the presentation of evidence procured by the illegal search.

34.     On information and belief, the defendants, and each of them, committed the acts and omissions alleged above, either with an intent or purpose to discriminate against Plaintiff based on his race, and/or they intentionally treated Plaintiff differently from others similarly situated without a rational basis for the difference in treatment.

35.    The defendants, and each of them, were aware of the acts and omissions of the others failed to prevent the others from violating Plaintiff's clearly established constitutional rights, but rather acted in concert to cause them.

36.    As a direct and proximate result of the defendants' violations of Plaintiff's constitutional rights, Plaintiff was wrongly, falsely, and maliciously prosecuted and imprisoned for fifteen (15) months in the Ada County Jail.

37.    In the meantime, while falsely imprisoned Plaintiff appealed his conviction.  On February 24, 2026, the Idaho Court of Appeals overturned and vacated Plaintiff's conviction, ruling that the defendants' impoundment and inventory search of Plaintiff's truck was unconstitutional, in violation of Fourth Amendment to the U.S. Constitution.

38.    The prosecution did not challenge the trial court's ruling that the drug-dog search of Plaintiff's truck.  Consequently, the drug-dog search, though unconstitutional, was not a cause of Plaintiff's damages.

## COUNT I
### (42 U.S.C. § 1983 / Fourth Amendment Claim against Officers)

39.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

40.    The Officers, and each of them, acting in their individual capacities, violated Plaintiff's clearly established rights guaranteed by the Fourth Amendment to the U.S. Constitution in requiring Plaintiff to surrender his ID and the seizure and search of his truck.

41.     As a direct and proximate result of the Officers' aforesaid violations of his Fourth Amendment rights, Plaintiff has suffered tremendous and life-altering damages, including general damages in excess of $1.8 Million, *see Restivo v. Hessemann*, 846 F.3d 547, 588 (2nd Cir. 2017) ("Holding that "$1 million per year of wrongful incarceration per plaintiff neither shocks the conscience nor materially deviates from reasonable compensation [but] is in line with other approved awards in wrongful conviction cases.") (collecting cases), and special damages in the form of lost income of at least $500,000, or such further damages or relief to be proven at the trial of this matter.

42.     The Officers' conduct was in reckless disregard of Plaintiff's federally protected rights, for which they are each liable for punitive damages in amounts to be proven at the trial of this matter.

43.     Plaintiff is entitled to an award of his attorney fees reasonably incurred herein, pursuant to 42 U.S.C. § 1988.

### COUNT II
### (42 U.S.C. § 1983 / 4th Amendment Claim Against Sergeant McGilvery)

44.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

45.     Defendant Sergeant McGilvery directed, authorized, or approved the subordinate's actions that violated Plaintiff's Fourth Amendment rights, or, alternatively, was deliberately indifferent in failing to train, supervise, or control the Officers, or otherwise set in motion the acts of the Officers in requiring Plaintiff to surrender his ID and their seizure and search of Plaintiff's truck.

46.     As a direct and proximate result of defendant McGilvery's violations of his constitutional rights, Plaintiff has suffered tremendous and life-altering damages, both general and special, in amounts to be proven at the trial of this matter.

47.     The Officers' conduct was in reckless disregard of Plaintiff's federally protected rights, for which they are each liable for punitive damages in amounts to be proven at the trial of this matter.

48.     Plaintiff is entitled to an award of his attorney fees reasonably incurred herein, pursuant to 42 U.S.C. § 1988.

**COUNT III**
**(42 U.S.C. § 1983 / 4th Amendment Municipal Liability of the City of Meridian)**

49.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

50.     The Meridian Police Department Policy Manual expressly permits its officers to impound motor vehicles to conduct inventory searches without a legitimate community caretaking function, as acknowledged by the Idaho Court of Appeals, No. 51292-2023, and as a pretext for an investigatory search that is not supported by warrant or probable cause.

51.     The City of Meridian's unconstitutional impoundment and inventory search policy directly and proximately caused the violation of Plaintiff's constitutional rights, resulting in his suffering tremendous and life-altering damages, both general and special, in amounts to be proven at the trial of this matter.

52.     Plaintiff is entitled to an award of his attorney fees reasonably incurred herein, pursuant to 42 U.S.C. § 1988.

## COUNT IV
### (42 U.S.C. § 1983 / Equal Protection Claim against Officers)

53.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

54.     The Officers, and each of them, acting in their individual capacities, violated Plaintiff's clearly established rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment in discriminating against Plaintiff based on his race.

55.     As a direct and proximate result of the Officers' aforesaid violations of his equal protection rights, Plaintiff has suffered tremendous and life-altering damages, both general and special, in amounts to be proven at the trial of this matter.

56.     The Officers' conduct was in reckless disregard of Plaintiff's federally protected rights, for which they are each liable for punitive damages in amounts to be proven at the trial of this matter.

57.     Plaintiff is entitled to an award of his attorney fees reasonably incurred herein, pursuant to 42 U.S.C. § 1988.

## COUNT V
### (42 U.S.C. § 1985 / Equal Protection Conspiracy Against All Individual Defendants)

58.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

59.     As established by the facts alleged above, the defendants, and each of them, acting in their individual capacities, actively conspired to deprive Plaintiff of equal protection of the laws, or of equal privileges and immunities under the laws, based upon his race, thereby injuring his property rights, liberty and privileges as a citizen of the United States, in violation of 42 U.S.C. § 1985.

60.    As a direct and proximate result of the defendant's unconstitutional conspiracy, Plaintiff has suffered tremendous and life-altering damages, both general and special, in amounts to be,  proven at the trial of this matter.

61.    The Officers' conduct was in reckless disregard of Plaintiff's federally protected rights, for which they are each liable for punitive damages in amounts to be proven at the trial of this matter.

62.    Plaintiff is entitled to an award of his attorney fees reasonably incurred herein, pursuant to 42 U.S.C. § 1988.

## COUNT VI
### (42 U.S.C. § 1986 Claim Against the Individual Defendants)

63.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

64.    The individual defendants, and each of them, had knowledge of and the ability and duty to intervene and prevent, or aid in intervening and preventing, the conspiracy to violate Plaintiff's equal protection rights alleged above, but negligently failed to do so, in violation of 42 U.S.C. § 1986.

65.    As a direct and proximate result of the defendant's negligence, Plaintiff has suffered tremendous and life-altering damages, both general and special, in amounts to be,  proven at the trial of this matter.

66.    The Officers' conduct was in reckless disregard of Plaintiff's federally protected rights, for which they are each liable for punitive damages in amounts to be proven at the trial of this matter.

67.     Plaintiff is entitled to an award of his attorney fees reasonably incurred herein, pursuant to 42 U.S.C. § 1988.

## COUNT VII
## (Municipal Liability of the City of Meridian for Equal Protection under 42 U.S.C. § 1983)

68.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

69.     It was the custom and standard operating procedure of the Meridian Police Department to apply its written policy identified above, regarding the impoundment and inventory searches of motor vehicles, in a discriminatory fashion against African Americans based on their race.

70.     The aforesaid custom and standard operating procedure of the Meridian Police Department was the cause the individual defendants' violations of Plaintiff's right to equal protection under the law, and directly and proximately resulted in Plaintiff's tremendous and life-altering damages, both general and special, in amounts to be proven at the trial of this matter.

71.     Plaintiff is entitled to an award of his attorney fees reasonably incurred herein, pursuant to 42 U.S.C. § 1988.

## COUNT VIII
## (ITCA Claim Against Meridian)

72.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

73.     The City of Meridian was negligent in deploying the Officers to investigate Plaintiff, knowing there was nothing suspicious about him, in planning his arrest, in executing the arrest,  in failing to properly train, deploy, supervise, and control its officers.

74.     Plaintiff is entitled to an award of prejudgment interest of 12% per annum on all special damages awarded herein.

75.     Plaintiff is entitled to an award of his attorney fees reasonably incurred herein, pursuant to Idaho Code §§ 12-117, 12-121, and/or other applicable Idaho statute.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury.

## PRAYER

WHEREFORE, Plaintiff prays for the following judgment and relief against the defendants, jointly and severally, as follows:

1.     For a judicial declaration that the defendants' conduct and policies were in violation of Plaintiff's rights secured by the United States Constitution.

2.     For an award for his general and special damages in amounts to be proven at trial.

3.     For an award of punitive damages pursuant to federal law in amounts to be proven at trial.

4.     For an award of his reasonable attorney fees incurred herein.

5.     For costs incurred in prosecuting this action.

6.     For such further relief as this Court deems just.

DATED this 24th day of May, 2026.

WOOD LAW GROUP, PC

By: _____
T. Jason Wood, Esq.

12 -     COMPLAINT AND DEMAND FOR JURY TRIAL